# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CALVIN ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17−cv−0196−JPG |
| | ) | |
| RICHARD WATSON, | ) | |
| PHILLIP MCLAURIN, | ) | |
| THOMAS TRICE, | ) | |
| NANCY SUTHERLAND, and | ) | |
| LEVI BRIDGES | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Calvin Robinson, an inmate in Graham Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 for events that occurred at St. Clair County Jail. Plaintiff seeks damages, injunctive relief, and fees and costs. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff was detained in St. Clair County jail stating around July 2013. (Doc. 1, p. 5). While there, Plaintiff endured unsanitary and unhealthy living conditions such being made to sleep on a filthy floor, overcrowding, unsanitary showers and toilets, insect and mice infestations, and a lack of cleaning materials. *Id.* Plaintiff sent offender requests to each of the named Defendants regarding the harsh living conditions, and followed up with them personally, but his requests went ignored. (Doc. 1, pp. 5-6). As a result of the unsanitary conditions, Plaintiff developed scabies, skin rashes, migraine headaches, and nausea. (Doc. 1, p. 6). Illinois Department of Corrections records show that Plaintiff entered IDOC custody on February 25, 2014. Offender Search, https://www.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx (last accessed June 2, 2017).

## Discussion

Although it appears that Plaintiff has adequately alleged a claim based on unconstitutional conditions of confinement under the Eighth Amendment, the Court will not

2

address the merits of that claim further because it is clear from the face of the Complaint that this cause of action is barred by the statute of limitations.

Although typically affirmative defenses such filing after the statute of limitations and failure to exhaust administrative remedies are litigated by the parties after service, *see Jones v. Bock*, 549 U.S. 199, 212 (2007), a Court may invoke these defenses on § 1915A review when the availability of the defense is apparent on the face of the Complaint. *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002); *Brownlee v. Conine*, 957 F.2d 353, 354 (7th Cir. 1992).

Section 1983 does not contain a statute of limitations. *Malone v. Corr. Corp. of Am.,* 553 F.3d 540, 542 (7th Cir. 2009). Federal courts use the periods of limitations adopted by the states for personal-injury suits. *Id.* (citing *Wilson v. Garcia,* 471 U.S. 261 (1985)). In Illinois, therefore, the limitations period for § 1983 cases is 2 years. *Johnson v. Rivera,* 272 F.3d 519, 521 (7th Cir. 2001) (citing *Kalimara v. Ill. Dep't of Corr.,* 879 F.2d 276, 277 (7th Cir. 1989)). *Accord Jenkins v. Vill. of Maywood,* 506 F.3d 622, 623 (7th Cir. 2007).

Here, Plaintiff filed suit on February 23, 2017. (Doc. 1). His Complaint alleges that his claim began accruing in July 2013, more than 3 years ago. Even assuming that Plaintiff's claim counts as a continuing violation based on the nature of the allegations, the last day that the claim could have accrued would have been the last day that Plaintiff remained in Defendants' custody, which was February 24, 2014. *Heard v. Sheahan¸*253 F.3d 316, 318 (7th Cir. 2001) (finding that cruel and unusual punishment can be said to continue "for so long as defendants had the power to do something about [the plaintiff's] condition, which is to say until he left the jail"). That means that Plaintiff would have had to file suit no later than February 24, 2016, but instead he waited almost a full year after that date.

While some tolling may be available to prisoners, particularly where there is a requirement to exhaust administrative remedies, tolling will also not save Plaintiff's case. Plaintiffs have the obligation to exhaust what remedies are available to them.[1] *Woodford v. Ngo*, 548 U.S. 81 (2006). However, that obligation ceases when the grievance process becomes unavailable. *Dole v. Chandler*, 438 F.3d 804, 811-12 (7th Cir. 2006). And a jail's administrative process becomes unavailable when an inmate is transferred from the jail to a state prison. *White v. Bukowski*, 800 F.3d 392, 397 (7th Cir. 2015); *King v. McCarty*, 781 F.3d 889, 895 (7th Cir. 2015). Therefore, Plaintiff's obligation to file a grievance ceased on the day he was transferred, lifting the bar to filing suit. That caused the statute of limitation to begin to run on the day Plaintiff entered IDOC custody, February 25, 2014. Even if some tolling was available, it would have ceased as of that date, meaning that Plaintiff had to bring suit no later than February 25, 2016. Once again, having waited until February 23, 2017, Plaintiff is about a year too late. This case will be dismissed with prejudice as barred by the statute of limitations.

## Disposition

**IT IS HEREBY ORDERED** that this case will be dismissed with prejudice as barred by the statute of limitations.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e);

---

[1] Certain parts of the Complaint suggest that Plaintiff may not have exhausted his administrative remedies, but as a determination that he did so is not crucial to the Court's analysis regarding statute of limitations, the Court will not discuss this issue further.

28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to close this case and enter judgment.

**IT IS SO ORDERED.**
**DATED: June 5, 2017**

*s/J. Phil Gilbert*
**U.S. District Judge**
